```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**FAMILY SERVICE ASSOCIATION OF**
**STEUBENVILLE, OHIO,**

       Plaintiff,

                                    Case No. 2:12-cv-135
    v.                               Judge Watson
                                    Magistrate Judge King

**WELLS TOWNSHIP,** *et al.***,**

       Defendants.


## OPINION AND ORDER

This matter is before the Court on the *Wells Township Defendants' Motion to Stay Ruling on Summary Judgment*, ECF 65 ("*Motion to Stay*"). For the reasons that follow, the *Motion to Stay* is **DENIED**.

**I.    BACKGROUND**

On December 25, 2011, defendant Officer Jeffrey "J.J." Kamerer, an employee of the Wells Township Police Department, approached James W. Coil, II, and his friend, Barry Starcher, in Brilliant, Ohio. *Amended Complaint*, ECF 34, ¶¶ 14, 16. After denying that anything was wrong, Mr. Coil and Mr. Starcher attempted to leave. *Id.* at ¶¶ 16-17. In response, defendant Kamerer parked his police vehicle on the side of the road, without the emergency lights on, and exited the vehicle. *Id.* at ¶ 18. The encounter escalated, *id.* at ¶¶ 17-22; eventually, defendant Kamerer left Mr. Coil, handcuffed, on the road. *Id.* at ¶ 24. Defendant Kamerer turned to Mr. Starcher, who was standing on the sidewalk. *Id*. At that point, a car driven by defendant Ronald

1

Bradcovich approached.  *Id*. at ¶ 25.  Defendant Kamerer ran towards defendant Bradcovich's approaching car, which struck both defendant Kamerer and Mr. Coil.  *Id*. at ¶ 26.  Mr. Coil allegedly suffered a severe brain injury and has been hospitalized since that time.  *Id*. at ¶¶ 27-29.[1]

On February 13, 2012, plaintiff filed the initial *Complaint*, ECF 1, which was later amended.  *See First Amended Complaint*.  Named as defendants are Officer Kamerer, Wells Township, which funds and manages the Wells Township Police Department, and John Ingram, Chief of Police of the Wells Township Police Department (collectively, "the Wells Township defendants"), as well as Mr. Bradcovich.  The *Amended Complaint* alleges the denial of Mr. Coil's constitutional rights and also asserts a state law claim of assault and battery against the Wells Township defendants, a claim of intentional infliction of emotional distress against defendant Kamerer and a claim of negligence against defendant Bradcovich.  The Wells Township defendants assert a cross claim against defendant Bradcovich for indemnification and contribution, and defendant Bradcovich asserts a cross claim for contribution against the Wells Township defendants.

On April 30, 2013, the Wells Township defendants moved for summary judgment.  ECF 37.  With the filing of plaintiff's sur-reply, ECF 63, on July 2, 2013, the motion for summary judgment is ripe for

---

[1] The Probate Court of Jefferson County, Ohio, appointed plaintiff, the Family Service Association of Steubenville, Ohio, to serve as the guardian of Mr. Coil's person and estate.  *Amended Complaint*, ¶ 7.

resolution.[2]

After the motion for summary judgment had been fully briefed, plaintiff provided notice of a decision of the Ohio Court of Appeals for the Seventh District in *State v. Barry Starcher*, Case No. 13 JE 1 ("the Seventh District decision").[3] *Plaintiff's Notice of Filing Supplemental Authority*, ECF 64 ("*Notice*"). In that criminal case, Mr. Starcher is charged with two misdemeanors arising out of the events of December 25, 2011: (1) obstructing official business in violation of O.R.C. § 2921.31, a second-degree misdemeanor; and (2) failure to disclose personal information in violation of O.R.C. § 2921.29(A), a fourth-degree misdemeanor. *Id*. at PAGEID#:2328. Mr. Starcher originally pled no contest to these charges. *Id*. However, that plea was later vacated and Mr. Starcher filed a motion to dismiss (construed as a motion to suppress), which the trial court denied after a hearing. *Id*. In denying that motion, the trial court concluded that Officer Kamerer had reasonable suspicion to make an initial investigative stop, *id*. at PAGEID#:2329, and, further, that Officer Kamerer had probable cause later to arrest Mr. Starcher. *Id*. Mr. Starcher appealed that ruling, *id.* at PAGEID#:2328-PAGEID#:2329, and the state appellate court reversed, finding that, "[a]s a matter of law, the initial encounter [between Mr. Starcher and Officer Kamerer] was a consensual encounter; there is no evidence in the record of a reasonable articulable suspicion of criminal activity to

---

[2] Upon motion, ECF 59, plaintiff was granted leave to file a sur-reply. *Order*, ECF 62. Although permitted to do so, *id.*, the Wells Township defendants did not file a response to plaintiff's sur-reply.
[3] The underlying state criminal action filed in Jefferson County Court 3 (Dillonvale County Court) is *State v. Starcher*, Case No. 11 CRB 347. *Id.*

initiate the stop." *Id*. at PAGEID#:2332.  The matter was remanded with instructions to the trial court to

> first determine which facts it finds credible.  Then in applying those facts to the law, the [trial] court should determine whether during the consensual encounter the officer showed an exertion of authority that resulted in an illegal seizure, or if the actions of Starcher and Coil changed the encounter from consensual to investigatory.

*Id*. at PAGEID#:2334.

In bringing this decision to the Court's attention, plaintiff contended that the decision of the Ohio appellate court is "of significant precedential value in this case" because it "arises out of the very occurrence and facts at issue in this case[.]"  *Notice*, p. 1.  In particular, plaintiff points to the appellate court's finding that Officer Kamerer's initial stop was a consensual encounter.  *Id*. at 1-2.  Because the material facts surrounding the events that followed that consensual encounter are in dispute, plaintiff contends that summary judgment in this action is unwarranted.  *Id*. at 3.

The Wells Township defendants filed the *Motion to Stay* in response to plaintiff's *Notice*. The Wells Township defendants ask this Court to stay consideration of their motion for summary judgment pending final resolution of the state court criminal case against Mr. Starcher, *State v. Starcher*, Case No. 11CRB347.  Plaintiff opposes the *Motion to Stay.  Plaintiff's Brief in Opposition to Defendants Wells Township, John Ingram, and Jeffrey James Kamerer's Motion to Stay Ruling on Summary Judgment*, ECF 66 ("*Memo. in Opp.*").  No reply memorandum has been filed.

**II.   STANDARD**

4

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay of proceedings has the burden of establishing both the "pressing need for delay" and "that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United States District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977). *See also Landis*, 299 U.S. at 255 (stating that the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else").

In determining whether or not to grant a stay of proceedings, a court may consider the following factors:  "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp.2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255). *See also Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *7 (S.D. Ohio Oct. 21, 2005) ("There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy.").

5

Finally, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council,* 565 F.2d at 396. *See also Landis*, 299 U.S. at 255 (noting that a stay of proceedings occurs "[o]nly in rare circumstances").

### III. DISCUSSION

In requesting a stay, the Wells Township defendants first argue that the state trial court's determination "of the issue of whether the actions of Starcher and Coil elevated the consensual encounter to the level of an investigatory stop may be dispositive on key factual determinations that resolve the constitutional issues before this court on summary judgment." *Motion to Stay*, p. 4. More specifically, the moving defendants contend that, should the state court conclude that the initial consensual encounter between defendant Kamerer, plaintiff and Mr. Starcher later became an investigatory stop, this Court "will have the factual and legal material necessary to grant qualified immunity and summary judgment in favor of the Wells Township defendants." *Id*. at 4-5.

This Court disagrees. The Wells Township defendants cite to no authority for the proposition that plaintiff in this action will be bound to the state court's determination on any matter, whether factual or legal, in *State v. Starcher*, Case No. 11 CRB 347. As detailed *supra*, the state court action involves the alleged criminal activity of Mr. Starcher. Any final resolution of that action will be based on the evidence and arguments presented in that action. Mr. Starcher is not a party to this case and neither plaintiff nor its

ward, Mr. Coil, is a party to the state criminal proceedings. This Court is therefore not persuaded that an Ohio court's determination in a criminal case involving different parties can be dispositive of any issue in the case *sub judice*.  It therefore cannot be said that a stay of the motion for summary judgment on plaintiff's claims in this case will promote judicial economy.

The Wells Township defendants also argue that a stay in this case serves the public interest "by allowing the Jefferson County Court 3 to proceed in the state case where the issues have been vetted by the Seventh District Court of Appeals and a clear mandate for a very specific and narrow determination has been made." *Motion to Stay*, p. 5.  It is not immediately clear to this Court what the moving defendants intend by this argument.  Because, for the reasons stated *supra*, the state court's resolution of Mr. Starcher's criminal case cannot be determinative of the issues presented in this case, the Court concludes that the requested stay will not serve the public interest.

Finally, the Wells Township defendants argue that its requested stay will not prejudice plaintiff because it was plaintiff who initially brought the decision of the Ohio court of appeals to this Court's attention.  *Id*.  However, the Wells Township defendants offer no insight into the anticipated length of the state court proceedings or of the requested stay. The resulting prejudice to plaintiff, who is entitled to a determination of its claims without undue delay, *see Ohio Envtl. Council*, 565 F.2d at 396, is apparent.

7

In short, the Court concludes that the Wells Township defendants have pointed to no "rare circumstances" that would justify a stay of proceedings on their motion for summary judgment.

**WHEREUPON**, the *Wells Township Defendants' Motion to Stay Ruling on Summary Judgment*, ECF 65, is **DENIED**.


March 12, 2014                    *s/Norah McCann King*
                                  Norah McCann King
                                  United States Magistrate Judge