IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FAMILY SERVICE ASSOCIATION OF STEUBENVILLE, OHIO,**

    Plaintiff,

  v.

                  **Case No. 2:12-cv-135**
                  **Judge Watson**
                  **Magistrate Judge King**

**WELLS TOWNSHIP,** *et al.*,

    Defendants.

    Defendants.

---

**JEFFREY KAMERER, JR.,**

    Plaintiff,

                  **Civil Action 2:13-cv-1192**
  vs.              **Judge Watson**
                  **Magistrate Judge King**

**RONALD J. BRADCOVICH,**

    Defendant.

<u>**OPINION AND ORDER**</u>

This matter is before the Court on the *Motion of Defendant Ronald Bradcovich for Leave to Name Additional Expert Witness*, 12-cv-135, ECF 104; 2:13-cv-1193, ECF 56 ("*Motion*"). For the reasons that follow, the *Motion* is **GRANTED**.

I.    PROCEDURAL BACKGROUND

      On February 13, 2012, Family Service Association of Steubenville, Ohio ("Family Service"), acting on behalf of James W.

1

Coil, II,[1] initiated an action in this Court, 2:12-cv-135 (the "Family Service action"), alleging the denial of Mr. Coil's rights under the Constitution and in violation of state law in connection with an incident that occurred on December 25, 2011 in Brilliant, Ohio ("the incident"). Named as defendants in the Family Service action are Officer Jeffrey Kamerer, an employee of the Wells Township Police Department, Wells Township, which funds and manages the Wells Township Police Department, and John Ingram, Chief of Police of the Wells Township Police Department (collectively, "the Wells Township defendants"), as well as Ronald Bradcovich, a motorist involved in the incident. The Wells Township defendants assert a cross claim against defendant Bradcovich for indemnification and contribution, and defendant Bradcovich asserts a cross claim for contribution against the Wells Township defendants. 2:12-cv-135, ECF 9, 11, 12, 13.

On October 21, 2013, Officer Kamerer filed a personal injury action in the Court of Common Pleas of Jefferson County, Ohio, against defendant Bradcovich, asserting claims of negligence arising out of the incident. *Complaint*, 2:13-cv-1192, ECF 2 (the "personal injury action"). The personal injury action was removed to this Court on November 27, 2013, on the basis of diversity jurisdiction, 28 U.S.C. § 1332, *Notice of Removal*, 2:13-cv-1192, ECF 1, and the two actions were consolidated on April 29, 2014, *Order*, 2:12-cv-135, ECF 71, 2:13-cv-1192, ECF 16. The Court permitted discovery conducted in one case to be used in the other case, but ordered that the cases maintain

---

[1] The Probate Court of Jefferson County, Ohio, appointed plaintiff, the Family Service Association of Steubenville, Ohio, to serve as the guardian of Mr. Coil's person and estate. *Family Service Amended Complaint*, ¶ 7.

separate pretrial schedules.  *Id*. at 1-2.  At the time, the deadline for disclosing liability-related primary expert reports in the Family Service action was December 31, 2012.  *Preliminary Pretrial Order*, 2:12-cv-135, ECF 16, p. 2.  The personal injury action required that Officer Kamerer disclose his expert reports by June 1, 2014, and that defendant Bradcovich disclose his expert reports by July 1, 2014.  *Memorandum of First Pretrial Conference*, 2:13-cv-1192, ECF 8, pp. 2-3.  Those dates were later extended to October 1, 2014 and December 3, 2014, respectively.  *Order*, 2:12-cv-135, ECF 78, 2:13-cv-1192, ECF 26, pp. 2-3.

On September 18, 2014, the Court granted summary judgment in favor of the Wells Township defendants on all of Family Service's claims, but denied summary judgment on Family Service's claims against Officer Kamerer.  *Opinion and Order*, 2:12-cv-135, ECF 84.  Officer Kamerer appealed from that decision.  *Notice of Appeal*, 2:12-cv-135, ECF 88.

Discovery disputes arose in connection with Officer Kamerer's delay in the production of his medical records in the personal injury action, resulting in a further extension of the expert report production dates in that action.  The reports of primary experts were to be produced in the personal injury action by January 16, 2015; the reports of rebuttal experts were to be produced in the personal injury action by March 16, 2015.  *Order*, 2:12-cv-135, ECF 91, 2:13-cv-1192, ECF 41, pp. 1-2.

On April 16, 2015, the United States Court of Appeals for the Sixth Circuit affirmed the denial of Officer Kamerer's motion for

3

summary judgment in the Family Service action. *Opinion*, 2:12-cv-135, ECF 102. *See also Mandate*, 2:12-cv-135, ECF 103 (filed May 15, 2015). This Court thereafter met with counsel for the parties in both cases, who advised that yet additional expert reports were to be produced and that expert discovery had not yet been completed. *Order*, 2:12-cv-135, ECF 105, 2:13-cv-1192, ECF 57, p. 1. The Court ordered Family Service to produce its remaining expert reports by July 15, 2015, and established September 15, 2015 as the date by which rebuttal expert reports were to be produced in the Family Service action. *Id*. The Court further ordered, *inter alia*, that all expert discovery must be completed by October 15, 2015, and that motions for summary judgment may be filed, if at all, no later than November 1, 2015. *Id*. No trial date has been set in either case.

The *Motion* is now ripe for review.

**II. STANDARD**

Rule 16 of the Federal Rule of Civil Procedure governs the *Motion*. Rule 16(b) requires that the Court, in each civil action not exempt from the operation of the rule, enter a scheduling order that, *inter alia*, limits the time to complete discovery and to file motions. Fed. R. Civ. P. 16(b)(3)(A). The Court may also modify, *inter alia*, the timing of disclosures under Rule 26(a) and the extent of discovery. Fed. R. Civ. P. 16(b)(3)(B). The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate Judge is empowered to . . . modify scheduling orders upon a showing of good cause."). "'The primary

4

measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625). The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 U.S. Dist. LEXIS 75287, at *2 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

**III. DISCUSSION**

In the case presently before the Court, defendant Bradcovich seeks leave to name Marc Green, Ph.D., to testify as a nighttime vision expert as to

> whether James Coil and/or Jeffrey Kamerer would have been reasonably discernible as [defendant Bradcovich] approached the scene of the accident and whether he ought to have been able to have avoided the accident.

*Motion*, p. 1. Noting that little discovery was completed during the pendency of the interlocutory appeal in the Family Service action, defendant Bradcovich, who has already produced Dr. Green's expert report, argues that the grant of the *Motion* will not delay resolution of the personal injury action. *Id*.

Officer Kamerer contends that defendant Bradcovich's failure to

5

timely produce Dr. Green's expert report is neither substantially justified nor harmless. *Opposition*, p. 1. Although Officer Kamerer apparently concedes that there were discovery delays in the personal injury action related to the production of his medical records, he argues that those delays had no impact on the production of Dr. Green's report. *Id*. at 1-3. Noting that defendant Bradcovich has known of Officer Kamerer's negligence expert witness, Walter J. Kosmatka, since February 15, 2013, Officer Kamerer complains that defendant Bradcovich waited nearly two years before identifying Dr. Green as his expert. *Id*. Officer Kamerer contends that the grant of the *Motion* will work to his prejudice by "complicat[ing]" "the status of discovery" and unfairly rewarding defendant Bradcovich's "dereliction." *Id*. at 4.

Defendant Bradcovich disagrees, insisting that the record reflects his diligence in discovery and preparing his defense despite Officer Kamerer's failure to fully cooperate in discovery. *Reply*, p. 1-3. Defendant Bradcovich denies that the grant of his *Motion* will prejudice Officer Kamerer because Dr. Green's report has been produced, no trial date has been set, and there remains ample time to conduct discovery in accordance with the deadlines recently established by the Court. *Id*.

Defendant Bradcovich's arguments are well-taken. The procedural history of this case demonstrates his diligence in the personal injury action in seeking discovery and attempting to meet, or asking to extend, case deadlines. Moreover, Officer Kamerer will suffer no prejudice if the *Motion* is granted. As noted *supra*, the Court has

6

extended the deadline for the production of expert reports in the Family Service action and has extended the date in both cases by which expert discovery must be completed.  *Order*, 2:12-cv-135, ECF 105, 2:13-cv-1192, ECF 57, p. 2.  No trial date has yet been set in either case.  Under these circumstances, there is ample time to depose Dr. Green.  Indeed, Family Service has not opposed the *Motion*.  In short, defendant Bradcovich has established the necessary good cause in seeking to disclose and rely upon Dr. Green's report. *See* Fed. R. Civ. P. 16(b)(4).

    **WHEREUPON**, the *Motion of Defendant Ronald Bradcovich for Leave to Name Additional Expert Witness*, 2:12-cv-135, ECF 104; 2:13-cv-1193, ECF 56, is **GRANTED**.  The Court notes that the expert discovery date remains October 15, 2015, and that any discovery-related motions must be filed prior to that date.  *Order*, 2:12-cv-135, ECF 105, 2:13-cv-1192, ECF 57, p. 2.

June 10, 2015                               *s/Norah McCann King*
                                                 Norah M$^c$Cann King
                                   United States Magistrate Judge